UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

IVAN C. BRUTSCHE,

    Debtor.                                         No. 7-11-14145 TS

UNITED STATES TRUSTEE,

    Plaintiff,

v.                                                   Adv. No. 13-1009 T

IVAN C. BRUTSCHE,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion to dismiss the adversary proceeding because it was not filed timely. For the reasons set forth below, the Court finds that the Motion is not well taken and should be denied.

### I. FACTS

1. Debtor filed this chapter 7 bankruptcy case on September 19, 2011.

2. Debtor's discharge was granted on January 17, 2012, pursuant to a Court order entitled Discharge of Debtor, doc. 14.

3. On January 17, 2013, the United States Trustee for the District of New Mexico ("U.S. Trustee") filed a Complaint Seeking Revocation of Debtor's Discharge Under 11 U.S.C. § 727 ("Complaint"), commencing this adversary proceeding.

4. In the Complaint, the U.S. Trustee alleges that debtor's discharge

should be revoked pursuant to 11 U.S.C. § 727(d)(1), which requires the court to revoke a discharge if "such discharge was obtained through the fraud of the debtor, and the requesting party did not know of such fraud until after the granting of such discharge."

5. Defendant filed his Motion to Dismiss on March 18, 2013, doc. 7.

6. U.S. Trustee filed an Objection to Motion to Dismiss Adversary Proceeding on April 3, 2013, doc. 8.

## II. DISCUSSION

11 U.S.C. § 727(e)(3) provides:

The trustee, a creditor, or the United States trustee may request a revocation of a discharge—
(1) under subsection (d)(1) of this section within one year after such discharge is granted . . . .

Here, the Complaint was either timely filed or filed one day late, depending on how the one-year limitation period is calculated.

There are two main methods of computing the last day in a one-year limitation period, the "calendar method" and the "anniversary method." *See United States v. Marcello,* 212 F.3d 1005, 1008-09 (7th Cir. 2000), *cert. denied*, 531 U.S. 878 (2000). Under the calendar method, the day of the triggering event at issue (e.g. entry of a discharge order) is counted as the first day of the limitation period, causing the one-year (in this case) period to end on the preceding day of the following year. *Marcello,* 212 F.3d at 1008-09. Thus, if the triggering event occurred December 31 of a given year, a one-year limitation period calculated using the calendar method would expire December 30 of the next year. *See United States v. Simmonds,* 111 F.3d 737 (10th Cir. 1997)

(overruled on this issue by *Hurst*). *See generally* the cases cited in *Marcello* as using the calendar method, 212 F.3d at 1009.

Using the calendar method, the last day for the U.S. Trustee to have filed the complaint in this case would have been January 16, 2013, and the Complaint would have been untimely.

The alternative method of calculation is the "anniversary method." Using this method, the day of the triggering event is not counted, so in the case of a one-year limitation period, the first anniversary of the triggering event date is the deadline. *Marcello,* 212 F.3d at 1009. Using the example from above, the one-year limitation period would end December 31 of the following year, rather than December 30.

The anniversary method is derived in large part from Federal Rule of Civil Procedure 6(a)(1). *Marcello*, 212 F.3d at 1009. FRCP 6(a) states in part:

> **(a) Computing Time.** The following rules apply in computing any time period specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time.
>
> > **(1) Period stated in days or a longer unit**
> > When the period is stated in hours:
> > (A) exclude the day of the event that triggers the period;
> > (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
> > (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end or the next day that is not a Saturday, Sunday, or legal holiday.[1]

In *Marcello,* the Seventh Circuit adopted the anniversary method because, inter alia, it is "clear and predictable and therefore easier for litigants to

---

1 The language of Bankruptcy Rule 9006(a)(1) is identical.

remember, for lawyers to put in their tickler files, and for court to administer. . . ." 212 F.3d at 1010.

The Tenth Circuit addressed the alternative calculation methods in a non-bankruptcy context in *United States v. Hurst,* 322 F.3d 1256 (10th Circuit 2003). In *Hurst* the Tenth Circuit discussed how to calculate the one-year limitation period set forth in 28 U.S.C. § 2255, ¶6[2] for federal prisoners seeking habeas relief. After reviewing the circuit case law and analyzing the issue, the Tenth Circuit agreed with the analysis in *Marcello* and adopted the "anniversary method" for calculating the relevant deadline. Reversing the district court, the Tenth Circuit held that a habeas petition received on May 17, 2000 was timely based on a May 17, 1999 triggering event (the 90th day after denial of the prisoner's petition for rehearing).

The Tenth Circuit also applied the anniversary method to another federal limitations period. *See Williams v. Shields,* 77 Fed. Appx. 501, 503 (10th Cir. 2003) (calculated the limitation period to bring claims under 42 U.S.C. §§ 1983, 1985, and 1988 using the anniversary method). *See also Colonial Savings, F.A. v. Public Service Employees Credit Union*, 2009 WL 3158164, at *2 (D. Colo. 2009) (citing *Hurst* and FRCP 6(a)(1), the district court held that the 60-day limitations period in 12 U.S.C. § 1787(b)(6) starts on the day after the notice of claim disallowance, not the date of the notice).

The rationale supporting use of the anniversary method was discussed in *Patterson v. Stewart,* 251 F.3d 1243, 1246 (9th Cir. 2001):

---

[2] Now found in 28 U.S.C. § 2244(d)(1).

-4-

> Rule 6(a) is widely applied to federal limitations periods. The Supreme Court has held that because Rule 6(a) had the concurrence of Congress, it can apply to "any applicable statute" in the absence of contrary policy expressed in the statute. *Union Nat'l Bank v. Lamb,* 337 U.S. 38, 40-41, 69 S. Ct. 911, 93 L. Ed. 1190 (1949).

This quotation from *Patterson* was cited with approval by the Tenth Circuit in *Hurst*.

One bankruptcy court has addressed an issue similar to the one before the Court. In *In re Runkle*, 333 B.R. 734 (Bankr. D. Md. 2005), Judge Paul Mannes considered whether a § 727(d)(1) complaint to revoke the discharge was filed timely. The issue arose because the U.S. Trustee relied upon 9006(a)(1)(C) to file the complaint on Monday, January 10, 2005, even though the one-year anniversary of the discharge was Sunday, January 9, 2004. The debtor argued that the U.S. Trustee's complaint was not timely because "the limitations period provided for in Section 727(e)(1) cannot be extended by Bankruptcy Rule 9006(a)." 333 B.R. at 736. The court analyzed the argument in some detail, and reviewed cases on both sides of the issue. The Court then discussed the Fourth Circuit case of *Wirtz v. Peninsula Shipbuilders Assn.,* 382 F.2d 237, 241 (4th Cir. 1967). In *Wirtz,* the Fourth Circuit addressed the district court's dismissal of the Secretary of Labor's complaint against a labor union for violating the Labor Management Reporting and Disclosure Action of 1959, 29 U.S.C. § 481. The court held:

> [w]e are of the opinion that the computation of the 60 day time limit of section 402(b) in the manner prescribed by Rule 6(a) is both consistent with the express language and purpose of the rule and in accord with the provisions of the Landrum-Griffin Act[.]

382 F.2d at 241.

Judge Mannes held that "[w]hile the Fourth Circuit has not addressed this issue in the bankruptcy context, the court is convinced that it would adhere to the rationale of the *Peninsula* case." 333 B.R. at 738.

The Court is in a similar position to one faced by Judge Mannes: the *Hurst* decision is binding precedent.[3] Section 727(e)(3) "does not specify a method of computing time." Rule 9006(a).[4] Therefore, it is clear that Rule 9006(a)(1) and *Hurst* require the one-year limitation period to be calculated using the anniversary method.

Using the anniversary method, the U.S. Trustee's complaint was timely filed, on the last day of the one-year limitation period.

### III. CONCLUSION

Defendant's motion to dismiss the adversary proceeding will be denied because the U.S. Trustee's complaint was filed within the one-year limitation period set forth in 11 U.S.C. § 727(e)(1), calculated using Bankruptcy Rule

---

[3] Judge Mannes stated he would have ruled otherwise had he been "writing on a clean slate." 333 B.R. at 739. This Court is not as reluctant to apply Rule 9006(a)(1) to statutory limitations periods. As shown by the circuit court decisions in *Hurst, Marcello, Peninsula,* and *Patterson,* and by the Supreme Court in *Lamb*, using Rule 6(a) to calculate statutory deadlines has been approved by Congress (see 28 U.S.C. § 2075) and provides a method of calculation that is time-honored, clear, and predictable. *See also U.S. v. Inn Foods, Inc.*, 383 F.3d 1319, 1323 (D.C. Cir. 2004); *Lattimore v. Dubois,* 311 F.3d 46, 54 (1st Cir. 2002), *cert. denied,* 538 U.S. 966 (2002); *Mickens v. U.S.,* 148 F.3d 145, 148 (2d Cir. 1998); *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998); *Bronaugh v. Ohio,* 235 F.3d 280, 284 (6th Cir. 2000).

[4] If anything, the language of §727(e)(3) supports use of the anniversary method, since it sets the deadline of one year "*after* such discharge is granted." This language states or implies that the one-year period should not start on the discharge date.

-6-

Case 13-01009-t    Doc 11    Filed 05/08/13    Entered 05/08/13 13:58:31 Page 6 of 7

9006(a)(1) and *Hurst's* "anniversary method." A separate order will be entered.

_____
Honorable David T. Thuma
United States Bankruptcy Judge

Date entered on docket: May 8, 2013.

Copies to:

Leonard Martinez-Metzgar
P.O. Box 608
Albuquerque, NM 87103

Michael Daniels
P.O. Box 1640
Albuquerque, NM 87103